IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CODY ANDREW SEALS, )<br>)<br>    Defendant. ) | No. 3:20-CR-100-KAC-JEM |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This case is before the Court on Defendant Cody Seals's Motion to Suppress Statements of Defendant [Doc. 139]. Defendant Seals requests that the Court suppress statements made by him as a result of an allegedly unlawful interrogation based on the Fifth Amendment and Fourteenth Amendment of the United States Constitution and *Miranda v. Arizona* and its progeny. The Government asserts the legal issue in question is moot given its position that it will not introduce any portion of the statements in its case-in-chief [Doc. 143]. Defendant Seals agrees [Doc. 151]. The undersigned therefore recommends that Defendant's motion be denied as moot.

**I.    BACKGROUND**

Defendant Seals stands charged [Doc. 78] with conspiring to possess with intent to distribute fifty grams or more of methamphetamine, its salts, isomers, and salts of its isomers from as early as in or around December 2019 through on or about March 11, 2020, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One); possession with intent to distribute

1

fifty grams or more of methamphetamine, its salts, isomers, and salts of its isomers on or about January 9, 2020, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2 (Count Three); and possession with intent to distribute one hundred grams or more of a mixture and substance containing heroin on January 9, 2020, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 (Count Four). In addition, the Government has charged Defendant Seals with possession of a firearm on January 9, 2020, in furtherance of the drug trafficking crimes alleged in Counts One, Three, and Four, in violation of 18 U.S.C. § 924(c), and with discharging that firearm, in violation of 18 U.S.C. § 924(c)(iii) (Count Five). Defendant Seals is further charged with two counts of attempting to kill Tennessee Highway Patrol Troopers on January 9, 2020, in violation of 18 U.S.C. § 1114 (Counts Six and Eight), and with possessing and discharging a firearm in furtherance of those alleged crimes of violence, in violation of 18 U.S.C. §§ 924(c) and 924(c)(iii) (Counts Seven and Nine). The Government has also lodged forfeiture allegations against Defendant Seals.

In his motion to suppress, Defendant Seals informs the Court that he sustained a gunshot wound to the head on January 9, 2020 [Doc. 139]. He was transported to the hospital, where he underwent brain surgery [*Id.*]. His diagnoses included ballistic injury to the brain entering the left temporal region with several bone and ballistic fragments embedded deep in the left temporal lobe with significant intracranial contusions [Doc. 140 p. 2]. According to his medical records, he was experiencing aphasia and "24-hour supervision/assist[ance] would be recommended d/t [(due to)] patient's poor comprehension and inconsistent ability to adequately verbalize wants/needs" [*Id.* at 2–3].

On January 15, 2020, he was discharged and released to the Hamilton County Jail [Doc. 139]. One day later, he asserts he was unlawfully interrogated by Sergeant Ritter of the

2

Hamilton County Sheriff's Office at the Hamilton County Jail [*Id.*]. The interrogation was recorded [*Id.*].

According to Defendant Seals, after his *Miranda* rights were quickly read to him, he was asked his full name [Doc. 140 p. 2]. He "hesitated and had trouble recalling his middle name or how to spell it," and he "could not remember of the woman he calls his wife, where he lived, where the property he recently bought was located, his mother or father's names or phone numbers, among other things" [*Id.*]. Defendant Seals states that he was "experiencing significant cognitive deficiencies" as noted in his medical records and by the law enforcement officers who were interrogating him at that time [Doc. 139]. Specifically, he states that Sergeant Ritter quickly acknowledged his incapacity and asked if he was struggling with memory problems as a result of his injuries; Defendant Seals affirmed and said he could not remember anything, including what the doctor said about his injuries [Doc. 140 p. 2]. Sergeant Ritter continued to question Defendant Seals, and Defendant Seals says that the signs of his mental condition continued as he struggled to speak [*Id.*]. He notes that he spoke very slowly and could not recall simple words [*Id.*]. Defendant Seals did not sign a waiver of rights form [Doc. 139 p. 2].

## II. ANALYSIS

Defendant Seals argues that, as a result of his injuries and cognitive defects, he did not voluntarily, knowingly, or intelligently waive his rights because he did not and could not understand the rights he was abandoning or the consequences of doing so [Doc. 139]. The Government asserts that it "does not intend to, and asserts that it will not, introduce any portion of [Defendant Seals's] statement [from "shortly after he was released from the hospital and in which he demonstrates difficulty remembering things"] in the government's case-in-chief" [Doc. 143

3

p. 1]. It therefore asserts that the legal issue in question is moot [*Id.*]. Defendant Seals agrees [Doc. 151].

The Court acknowledges that, citing *Harris v. New York*, 410 U.S. 222 (1971), the Government has reserved the right to cross-examine Defendant Seals, "if appropriate under the applicable Federal Rules of Evidence, about the statement should the defendant take the stand" [Doc. 143 p. 1]. Defendant Seals took no position about use of the statement in this manner in his reply brief, and the Court finds that the issue of whether the Government can use the statement at issue on cross-examination of Defendant Seals is appropriately reserved for the District Judge's determination during trial, if the issue arises at all.

### III. CONCLUSION

Based upon the Government's representation that it will not use the statements made by Defendant Seals on January 16, 2020 shortly after he was released from the hospital and in which he demonstrates difficulty remembering things in its case-in-chief and Defendant Seals's agreement with the Government that his motion to suppress the statements is moot, the undersigned respectfully **RECOMMENDS** that that the Motion to Suppress Statements of

4

Defendant [Doc. 139] be **DENIED as moot**.[1] If a party has no objection to this recommendation, the party may file a notice of no objection in the record.

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).